

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. J. T. McMillin
Deputy Banking Commissioner
Department of Banking
Austin, Texas

Dear Mr. McMillin:

Opinion No. 0-2974

Re:  Matter of extending the
     charter of Galveston Build-
     ing & Loan Company whose
     charter has expired by
     expiration of time.

We have your letter of December 11, 1940, asking for a legal
opinion with respect to the above captioned matter, which letter
is as follows:

"In Galveston Building and Loan Company of Galveston was
originally incorporated April 15, 1890, having a purpose
clause as follows:

"'Its purpose shall be the erection of buildings and
the accumulation and loan of funds for the purchase of
real property in cities, town, and villages, and also
for the purpose of the accumulation and loan of money.'

"Its capital stock, under the original charter, was
$500,000.00. The incorporation was for a period of fifty
years. Subsequently the charter was amended without change
in the purpose of the corporation, but increasing the capital
stock to $750,000.00.

"This company, from its inception, has accumulated money
through the sale of its own stock, either as a lump sum
investment or on a monthly installment basis. It has
been engaged largely in lending money thus accumulated to
its stockholders on real property loans, which are further
secured by the pledge of its own stock, held by the borrowers
and paid out by them on a monthly installment basis. These
loans have all the characteristics of a sinking fund loan.
The Association now has assets in the neighborhood of
$215,000.00 consisting principally of real property notes of
the character above described, together with a small amount
of real estate.

"Your attention is directed to the fact that the original fifty year period expired April 15, 1940.  This company is undertaking to extend its charter under the provisions of Art. 881a-21.

"Article 881a-1 provides in part:

"'A building and loan association as contemplated by this Act is any association or corporation heretofore or hereafter formed, created, or organized, which is chartered under any building and loan law, and/or is principally in the business of assisting its members to buy, improve or build homes, or to remove encumbrances therefrom, and which accumulates the funds thus loaned through the issuance or sale of its own stock.'

"Under the above facts, we respectfully submit the following question:

"Is the Galveston Building and Loan Company entitled to extend its charter under Article 881a-21, and having thus extended its charter, to operate as a building and loan association in this State?"

You are respectfully advised that the Galveston Building & Loan Company's charter may not be extended, under the facts stated by you.

Article 1387 of our Revised Civil Statutes, dealing with dissolved corporations under Title 32, relating to Private Corporations, declares:

"A corporation is dissolved:

"1. By the expiration of the time limited in its charter."

"1. Dissolution may result from the occurrence of a condition subsequent without State action or judicial ascertainment. Instances of this mode of dissolution are found in the provision of the general statute which declares that a corporation is dissolved by the expiration of the time limited in its charter, and in a special statute which creates the corporation and which operates automatically to dissolve it." -- 11 Tex. Jur. p. 127, 465.

All corporations are, of course, creatures of the law and they possess just such attributes, rights and priveleges as are provided by law and no more.  They are creatures of law for convenience sake, and possess the attributes of legal entity as a person capable of doing the things which they are authorized by the charter to do and no more.

They therefore possess corporate life as a legal entity in accordance with the charter and the laws authorizing such charter. When, under the law, that corporate life has expired, there is no legal entity, for it, too, has expired with the life of the organization or corporation.

Section 21 of our Building and Loan Associations Act (Ver. Civ. Stat. Art. 881a) provides:

> "Any building and loan association incorporated under this or any prior law may extend the duration of time for which said association was organized by a vote of two-thirds of the capital stock of such association represented voting at any annual meeting of the stockholders of such association or at any special meeting called for that purpose; thereupon the board of directors shall transmit a copy of the proceedings of such annual meeting or of such special meeting, duly attested, to the Banking Commissioner of Texas, who shall make a duly authenticated copy thereof, certifying to the extension of time of said corporation. Any building and loan association incorporated under any prior law and extending the duration of time for which it was incorporated in the manner herein provided shall be deemed as incorporated under and be invested with all the power given in this Act the same as though corporation had been originally incorporated under it."

The extension of the duration of time for the existence of the corporation contemplates the procedure of the statute will be taken by the corporation while it is yet a living legal entity. The statute has no application to a case such as you put, where the corporation has ceased to exist. (See Rev. Civ. Stat. Art. 1315a)

Extension of life -- whether physical or legal -- is one thing, while resurrection thereof is quite another thing. Our statutes authorize the one but they do not authorize the other.

We have assumed (though we do not decide) that Galveston Building & Loan Company, as described by you, was a building and loan association within the meaning of Section 21, above quoted. We have also discussed the general statute with respect to the dissolution of private corporations, because we think the same is applicable to building and loan associations, there being no special statute touching the matter.

The provision that "no involuntary liquidation of any association shall be accomplished except as above provided, that is to say, at the suit of the Attorney General on information and request of the Banking Commissioner of Texas", in Section 16 of the

Building and Loan Associations Act has no bearing on the question since the dissolution of an association by the expiration of the time for which it is chartered is not the "involuntary liquida-tion" mentioned in the statute.

Trusting that we have sufficiently answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:MR

APPROVED DEC. 20, 1940

GROVER SELLERS

FIRST ASSISTANT
ATTORNEY GENERAL